IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

MERCURY COMPUTER SYSTEMS, INC.
199 Riverneck Road
Chelmsford, MA 01824

    Plaintiff,

– v –

Bluemark Engineering Consulting, Ltd.
ISRAEL
    Defendant.

04 CV 10032 MEL

MAGISTRATE JUDGE

Civil Action No.

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

## COMPLAINT

This is an action by Plaintiff Mercury Computer Systems, Inc. ("Mercury") against Defendant Bluemark Engineering Consulting, Ltd. ("Bluemark") for a declaratory judgment construing terms of a contract under the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

## PARTIES

1. Plaintiff, Mercury, is a Massachusetts corporation with a principal place of business at 199 Riverneck Road, Chelmsford, Massachusetts.

2. On information and belief, Defendant, Bluemark, is an Israeli corporation with its principal place of business in Israel.

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a)(2). There is diversity of citizenship because the action is between Mercury, a Massachusetts corporation, and Bluemark, a foreign corporation, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(a)(3) because Bluemark is subject to personal jurisdiction at the time this action is commenced, by, *inter alia*, having expressly waived, by agreement, any personal jurisdiction defenses for a cause of action against it by Mercury in the United States, and having agreed to the exclusive jurisdiction of the state and federal courts of Massachusetts over the instant dispute between the parties.

## FACTUAL ALLEGATIONS

5. Mercury develops and sells digital signal and image processing systems and related technology products. Mercury's principal areas of business include defense electronics and medical imaging.

6. On information and belief, Bluemark is a consulting company which contracts to provide technology companies with consulting services, including, *inter alia*, business development and customer-service and technical assistance.

7. In or about April 2002, Mercury and Bluemark executed a consulting-services agreement entitled "Consultant Agreement Between Mercury Computer Systems Inc. & Bluemark Engineering Consulting, Ltd.," dated and effective on or about April 19, 2002 (the "Agreement"), and attached hereto as Attachment A.

8. The Agreement governed the consultancy relationship between Mercury and Bluemark. Pursuant to the Agreement, Bluemark was obligated to provide Mercury with certain consulting services including but not limited to business development and customer-service and technical assistance.

9. The consultancy relationship between Mercury and Bluemark has since been duly terminated.

10. The Agreement contains a "choice-of-forum" provision which provides that with respect to any legal action as between the parties and concerning the Agreement, "both parties hereby consent to the exclusive jurisdiction of the state and federal courts of Massachusetts." Said provision is valid and enforceable, and constitutes the only agreement ever made by Mercury and Bluemark that has anything whatsoever to do with the choice-of-forum of any litigation between the two parties including any litigation concerning the Agreement.

11. The Agreement further provides, *inter alia*, that "[t]his Agreement shall be governed by and construed in accordance with the laws of The Commonwealth of Massachusetts."

12. The Agreement further provides, *inter alia*, that Bluemark "hereby waives any personal jurisdiction defenses for a cause of action filed in a court of competent jurisdiction in the United States." Said provision is valid and enforceable, and constitutes the only agreement ever made by Mercury and Bluemark that has anything whatsoever to do with personal jurisdiction over Bluemark.

13. In or about Spring 2003, Bluemark began issuing demands to Mercury for frivolous claims by Bluemark for payment made in relation to the consultancy relationship and the Agreement.

14. Some time after Bluemark began issuing said demands, Bluemark also began threatening Mercury with legal action relative to the Agreement, which legal action Bluemark has stated it intends to pursue in an Israeli court.

15. For example, on December 11, 2003, Bluemark, by its Israel attorneys, wrote to the President and CEO of Mercury, threatening Mercury with a lawsuit regarding an alleged breach of the Agreement and other alleged conduct relative to the Agreement. A draft complaint concerning alleged breaches of the Agreement and other alleged conduct relative to the Agreement was attached by Bluemark to said writing.

16. Both the writing and the draft complaint, as well as earlier communications to Mercury by Bluemark, state that Bluemark intends to file the threatened lawsuit in an Israeli court, and to do so soon.

17. Filing said lawsuit in an Israeli court would constitute a breach of the Agreement's choice-of-forum provision, which expressly provides for the exclusive jurisdiction over disputes arising out of the Agreement being in the state and federal courts in the Commonwealth of Massachusetts.

18. If Bluemark sues Mercury in Israel as planned, Mercury will be deprived the full benefits of its bargain with Bluemark as set forth in the Agreement.

4

19. Bluemark and its attorneys have knowledge of the choice-of-forum provision of the Agreement.

20. On December 11, 2003, the undersigned counsel for Mercury sent a letter to counsel for Bluemark discussing the Agreement's provision that exclusive jurisdiction over any litigation concerning the Agreement is in the state and federal courts in Massachusetts. On information and belief, counsel for Bluemark received said letter, which is attached hereto as Attachment B.

21. On information and belief, the claims which Bluemark intends to file against Mercury are for alleged damages in excess of $75,000, exclusive of interest and costs.

22. The damages, fees, and expenses that Mercury would incur if required to respond in an Israeli court to the contemplated, frivolous lawsuit threatened by Bluemark, also would have a value far in excess of $75,000.

23. As a result of the foregoing events, an actual controversy exists whether the plain language of the Agreement precludes Bluemark from instituting the intended legal action against Mercury in Israel, and whether Bluemark has a binding obligation to Mercury to bring any such legal action in the agreed-to forum.

## COUNT I

24. Mercury repeats and incorporates by reference herein the allegations of paragraphs 1-23 above.

25. An actual controversy exists regarding whether Bluemark's filing of its intended law suit in Israel would violate the terms and conditions of the Agreement.

26. Mercury is entitled to a declaration, pursuant to 28 U.S.C. § 2201, that Bluemark's filing of its threatened law suit in Israel would constitute a breach of contract, that the choice-of-forum provision of the Agreement precludes Bluemark from so filing the law suit, and that Bluemark has a binding obligation to Mercury to file any such law suit, if at all, in a state or federal court in Massachusetts.

WHEREFORE, Mercury requests that the Court enter judgment as follows:

A. Pursuant to 28 U.S.C. § 2201, enter a Declaratory Judgment that:

i. Bluemark's filing any law suit against Mercury and concerning the Agreement would violate the terms of the Agreement and constitute a breach of that Agreement;

ii. The Agreement provides that any law suit against Mercury and concerning the Agreement must be brought, if at all, in either a state or federal court of competent jurisdiction located within the Commonwealth of Massachusetts;

iii. The Agreement precludes Bluemark from suing Mercury concerning the Agreement in an Israeli court;

B. Pursuant to 28 U.S.C. § 2202, enjoin Bluemark from instituting any action against Mercury and concerning the Agreement in any forum other than a state or federal court in the Commonwealth of Massachusetts;

C. award Mercury its attorneys' fees, costs, and expenses; and

D. grant Mercury such other and further relief as this Court may deem just and proper.

Respectfully submitted,

MERCURY COMPUTER SYSTEMS, INC.

By its attorneys,

R. Todd Cronan, P.C. (BBO No. 542466)
Carolyn I. McGowan (BBO No. 635818)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: January 7, 2004
LIBA/1340462.1

6